UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | | |
|---|---|---|
| IN RE: ROBERT F. SLONE | ) | CASE NO. 15-10206 |
| JENNIFER L. SLONE | ) | |
| | ) | |
| DEBTORS | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ROBERT F. SLONE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JENNIFER L. SLONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversarial No. _____ |
| | ) | |
| | ) | |
| NATIONAL COLLEGIATE STUDENT LOAN | ) | |
| TRUST 2006-3, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL COLLEGIATE STUDENT LOAN | ) | |
| TRUST 2005-1, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MRU HOLDINGS, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BANK OF NEW YORK MELLON, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SLF TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## ADVERSARIAL COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF LOANS

COMES NOW Plaintiff Robert F. Slone and Jennifer L. Slone, by and through counsel,

and for their Adversarial Complaint against National Collegiate Student Loan Trust 2005-3,

National Collegiate Student Loan Trust 2006-3, MRU Holdings, Inc., Bank of New York Mellon

and SLF Trust states the following.

## PARTIES

1.    Robert F. Slone and Jennifer L. Slone, both residing at 1909 Dillow Court

Flatwoods, Kentucky, 41139, filed their bankruptcy case under Chapter 13 of the Bankruptcy

Code on June 12, 2015, in the United States Bankruptcy Court for the Eastern District of

Kentucky (Case Number 15-10206).

2.    National Collegiate Student Loan Trust 2005-3 is a Delaware Statutory Trust with

the following listed registered agent: Wilmington Trust Company, Rodney Square North, 1100

N. Market Street, Wilmington, DE  19890.

3.    National Collegiate Student Loan Trust 2006-3 is a Delaware Statutory Trust with

the following listed registered agent:  Wilmington Trust Company, Rodney Square North, 1100

N. Market Street, Wilmington, DE  19890.

4.    MRU Holdings, Inc. has a street address of 114 Avenue of the Americas, 30th

Floor, New York, NY 10036. MRU Holdings, Inc. has a registered agent of Corporation Service

Company, 251 Little Falls Drive, Wilmington, DE  19808.

5.    Bank of New York Mellon is a bank with its headquarters at 240 Greenwich

Street, New York, NY  10007.

6.    SLF Trust has a street address of Trust – Bank of New York Mellon Trust

Company, 2 North Lasalle Street, Suite 1020, ATTN: SLCS, Chicago, Illinois  60602. The

registered agent for SLF Trust, LLC is The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, Delaware  19801.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b)

and 28 U.S.C. §§ 157. This is a core proceeding under title 11 because it concerns the

determination as to the dischargeability of a debt.

8.      This Adversary Proceeding is brought pursuant to 11 U.S.C. § 523(a)(8) and

Federal Rules of Bankruptcy Procedure Rule 7001.

9.      Venue of this proceeding is proper in the Eastern District of Kentucky because

this matter arises in and is related to a bankruptcy case in this District.

## REQUEST FOR DISCHARGE OF LOAN

10.     Plaintiffs Robert F. Slone and Jennifer L. Slone, filed this case under Chapter 13

of the Bankruptcy Code on June 12, 2015.

11.     Plaintiffs Robert F. Slone and Jennifer L. Slone may be indebted to Bank of New

York Mellon.

12.     Plaintiffs Robert F. Slone and Jennifer L. Slone may be indebted to National

Collegiate Student Loan Trust 2005-3.

13.     Plaintiffs Robert F. Slone and Jennifer L. Slone may be indebted to National

Collegiate Student Loan Trust 2006-3.

14.     Plaintiffs Robert F. Slone and Jennifer L. Slone may be indebted to MRU

Holdings, Inc.

15.     Plaintiffs Robert F. Slone and Jennifer L. Slone, may be indebted to SLF Trust.

16.     Any and all of Plaintiffs' loans with the Defendants are dischargeable debts.

3

17.     In the event Plaintiffs' debts to these Defendants are found to be qualifying educational student loan debts, in the language of 11 U.S.C. § 523 (a)(8), excepting such debts from discharge would impose an undue hardship on the Plaintiffs Robert F. Slone and Jennifer L. Slone.

18.     Plaintiffs Robert F. Slone and Jennifer L. Slone have insufficient current or anticipated available income or resources with which to pay the aforementioned loans, which may be claimed by the creditors to be educational loans, and any payments on those loans could be made only at great hardship to Plaintiffs Robert F. Slone and Jennifer L. Slone.

   a.    The Plaintiffs/Debtors cannot maintain, based on current income and expenses, a "minimal" standard of living for themselves and their dependents if forced to repay the loans;

   b.    Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period (i.e., both debtors are on Social Security Disability and are disabled);

   c.    The Plaintiffs/Debtors have made good faith efforts to repay the loans.

19.     Pursuant to Rules 7008 and 9027(a) of the Federal Rules of Bankruptcy Procedure, Plaintiffs hereby aver that they consent to entry of a final order or judgment by the Bankruptcy Court.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs Robert F. Slone and Jennifer L. Slone pray that this Court enter an order declaring:

1.  Plaintiffs are entitled to discharge of their debts to these defendants.  Any and all of Plaintiffs' debts to these defendants are dischargeable in their bankruptcy case, and shall be discharged upon entry of a Discharge Order in Plaintiffs' bankruptcy case.

2.  Plaintiffs' debts are not Qualified Educational Loans under section 523(a)(8)(B).

3.  That Plaintiffs' debts are not excepted under section 523(a)(8).

4.  Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that Plaintiffs' debts to these defendants are to be included in the general discharge entered by this Court.

5.  Plaintiffs are entitled to discharge of any student loan debt because repayment would constitute an "undue hardship" on them.

6.  Plaintiffs meet the standard for undue hardship as articulated in *Brunner v. New York Higher Education Servs. Corp.*, 831 F.2d 395 (2nd Cir., 1987) and adopted by the Sixth Circuit in *Oyler v Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2005).

7.  That Judgment be entered for Plaintiffs for declaratory relief with a determination that the debts to these Defendants shall be discharged upon entry of the Order of Discharge in Plaintiffs' bankruptcy case;

8.  Plaintiffs Robert F. Slone and Jennifer L. Slone further pray for any and all further relief to which they may appear entitled.

Dated:  October 13, 2018

*Respectfully Submitted,*

HOLMES LAW FIRM

/s/ Elaina L. Holmes
Elaina L. Holmes
Holmes Law Firm
Community Trust Bank Building

1544 Winchester Avenue, Suite 912
Ashland, KY  41101
Mailing:  P.O. Box 714
          Flatwoods, KY  41139
Telephone: (606) 325-0288
Attorney for Plaintiffs
   Robert F. Slone and
   Jennifer L. Slone